13-654-cv
Spencer v. Philemy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of December, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

_____

EUGENIA SPENCER,

                     *Plaintiff-Appellee*,

             -v-                                    13-654-cv

JAMES PHILEMY, ILYSSA MANDELL,

                     *Defendants-Appellants*,

THE CITY OF NEW YORK, (including THE BOARD OF EDUCATION OF THE CITY OF NEW YORK), JOHN AND/OR JANE DOE(S), each in their official and individual capacities,

                     *Defendants*.*

_____

Appearing for Appellants:     Elizabeth S. Natrella (Michael A. Cardozo, Corporation Counsel of the City of New York, *on the brief*, Leonard Koerner and Daniel Chiu, *of counsel*), New York, NY.

---

* The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

Appearing for Appellee:     Anthony C. Ofodile, Ofodile & Associates, P.C., Brooklyn, NY, (Stewart Lee Karlin, Law Offices of Stewart Lee Karlin, P.C., New York, NY, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendants-Appellants James Philemy and Ilyssa Mandell appeal from the January 31, 2013 final judgment of the United States District Court for the Southern District of New York (Wood, *J.*), which incorporated the district court's denial of Philemy and Mandell's post-trial motion for judgment as a matter of law. On appeal, Philemy and Mandell argue that Plaintiff-Appellee Eugenia Spencer's speech was not protected by the First Amendment because it did not relate to a matter of public concern. Philemy and Mandell contend, in the alternative, that they are entitled to qualified immunity. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[T]he First Amendment protects a public employee from retaliation by his or her employer for the employee's speech only if 'the employee sp[eaks] [1] as a citizen [2] on a matter of public concern.'" *Singer v. Ferro*, 711 F.3d 334, 339 (2d Cir. 2013) (first alteration added) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). "A matter of public concern is one that 'relat[es] to any matter of political, social, or other concern to the community.'" *Id.* (alteration in original) (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)). "'Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.'" *Id.* (quoting *Connick*, 461 U.S. at 147–48). "Among the relevant considerations is whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." *Id.* (internal quotation marks omitted). The employee's motive for speaking "surely may be one factor" in determining whether the speech was on a matter of public concern, but motive "is not, standing alone, dispositive or conclusive." *Sousa v. Roque*, 578 F.3d 164, 175 (2d Cir. 2009). "The question of whether a public employee spoke . . . on a matter of public concern is a question of law." *Singer*, 711 F.3d at 339.

In this case, the content and context of Spencer's communications with the police, New York City Law Department, and Family Court, along with her motivations for speaking, establish that her speech was on a matter of public concern. The content of Spencer's speech to the police related to the Student's disruptive behavior and his holding onto Spencer's driver's license after he apparently had stolen Spencer's wallet. In addition, Spencer spoke to the New York City Law Department concerning the Student's behavior, which led to the Family Court concluding that the Student was guilty of harassment and sexual abuse. Because Spencer's speech concerned seriously disruptive and criminal behavior on the grounds of a public school, the content of her speech supports a determination that she was speaking on a matter of public concern. *See Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 164–65 (2d Cir. 2006).

The form of Spencer's speech does not weigh heavily in favor or against the conclusion that she was speaking on a matter of public concern.

The context of Spencer's speech supports a determination that her speech related to a matter of public concern. Other teachers at the Student's school, and even Philemy and Mandell themselves, expressed concerns about how the Student's behavior was negatively affecting the school. Thus, this is not a case in which the plaintiff's speech related to an individual employment matter that was of little public concern, such as a payroll issue, promotion, or discipline. *See Singer*, 711 F.3d at 340; *Ruotolo v. City of N.Y.*, 514 F.3d 184, 189–90 (2d Cir. 2008) (concluding that the plaintiff's speech was not on a matter of public concern where the speech related to essentially personal grievances).

Finally, Spencer's motivations for speaking weigh in favor of the conclusion that her speech was on a matter of public concern. Spencer testified that she called the police because the Student's behavior had caused her to become increasingly concerned about her own safety and the safety of students and other teachers. That concern for the safety and well being of the school community supports the conclusion that Spencer was motivated, at least in part, based on a matter of public concern. *See Cioffi*, 444 F.3d at 166.

Nor are Philemy and Mandell entitled to qualified immunity. "'Under the doctrine of qualified immunity, a government official performing discretionary functions is shielded from liability for civil damages if his conduct did not violate clearly established rights or if it would have been objectively reasonable for the official to believe his conduct did not violate plaintiff's rights.'" *Reuland v. Hynes*, 460 F.3d 409, 419 (2d Cir. 2006) (quoting *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003)). "A right is 'clearly established' when '[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Jackler v. Byrne*, 658 F.3d 225, 242 (2d Cir. 2011) (alterations in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)), *cert. denied*, 132 S. Ct. 1634 (2012). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id.* at 243 (internal quotation marks omitted). Even if neither the Supreme Court nor this Court has explicitly held a course of conduct to be unconstitutional, the law may still be considered "clearly established so long as this circuit's decisions clearly foreshadow a particular ruling on the issue." *Tellier v. Fields*, 280 F.3d 69, 84 (2d Cir. 2000) (internal quotation marks omitted).

In 2004, when Philemy and Mandell took adverse action against Spencer, it was clearly established that a public employer violated the law by retaliating against a public employee for speaking as a citizen on a matter of public concern. *See, e.g.*, *Connick*, 461 U.S. at 145 ("Our cases following *Pickering*[ *v. Bd. of Educ. of Twp. High Sch. Dist. 205, Will Cty., Ill.*, 391 U.S. 563 (1968)] also involved safeguarding speech on matters of public concern."); *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 211 (2d Cir. 2002) ("It is clearly established that[] . . . the First Amendment [] prohibits [the government] from punishing its employees in retaliation for the content of their speech on matters of public importance."). More specifically, in *Cioffi*, this court relied on two cases that pre-dated Philemy and Mandell's actions for the proposition that an incident of sexual assault on school property, "the deficiencies in adult supervision that allowed it to occur, and the possible insufficiencies of the school's response implicate the health,

welfare and safety of young students, all of which are matters of importance to the public." 444 F.3d at 164 (citing *Calvit v. Minneapolis Pub. Sch.*, 122 F.3d, 1112, 1117 (8th Cir. 1997) and *Bernheim v. Litt*, 79 F.3d 318, 325 (2d Cir. 1996)). Moreover, this court stated in 2002 that "safety in the workplace is a matter of public concern." *Munafo*, 285 F.3d at 212. In view of the cases on which *Cioffi* relied and this court's statement about workplace safety in *Munafo*, it was sufficiently apparent in 2004 that Spencer's speech related to a matter of public concern.

In view of the foregoing, Philemy and Mandell would be entitled to qualified immunity only if it was objectively reasonable for them to believe that they could give Spencer an "unsatisfactory" rating for speaking out about safety at the school without violating Spencer's First Amendment rights. *See Reuland*, 460 F.3d at 419–20. "[W]here, as here, 'specific intent is actually an element of the plaintiff's claim as defined by clearly established law, it can never be objectively reasonable for a government official to act with the intent that is prohibited by law.'" *Id.* at 419 (quoting *Locurto v. Safir*, 264 F.3d 154, 169 (2d Cir. 2001)). Accordingly, Mandell and Philemy would be entitled to qualified immunity "only if a finder of fact determined that [they] had no retaliatory motive." *Id.* at 420.

In this case, the jury determined that Philemy and Mandell took adverse action against Spencer because of her speech. In the special verdict form the jury stated: (1) Spencer's speech to the police and Family Court concerning the Student was a substantial or motivating factor in Philemy and Mandell's decision to issue Spencer an "unsatisfactory" rating for the 2003–04 school year; and (2) Philemy and Mandell failed to prove that plaintiff would have received the "unsatisfactory" rating absent Spencer's complaints to the police and Family Court. Because the jury found that Philemy and Mandell retaliated against Spencer for her speech on a matter of public concern, defendants' actions were not objectively reasonable.

We have examined the remainder of Philemy and Mandell's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk